THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PLA HNOS. DRY CLEANING PLANT, Defendant and Appellant.

No. 15178.   Argued February 11, 1952.—Decided February 28, 1952.

*Elmer Toro Lucchetti* for appellant.   *Víctor Gutiérrez Franqui, Attorney General, J. Rivera Barreras, Fiscal of the Supreme Court,* and *Frank Vizcarrondo Vivas, Assistant Fiscal,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Pla Hnos. Dry Cleaning Plant was accused of violating § 25 of the Law of Corporations because, being a private corporation, organized under the laws of Puerto Rico, and having done business in this Island, it illegally, wilfully and criminally and without legal excuse, did not file in the office

of the Treasurer of Puerto Rico, on or before March 15, the annual report required by that Section. The corresponding trial having been held, the corporation was found guilty and sentenced to pay a $500 fine. On appeal it alleges (1) that the penalty created by § 25, *supra*, is of a civil nature and that there being no offense for which it might be sentenced, the criminal section of the district court lacked jurisdiction to take cognizance of the case; and (2) that should it be decided that the provisions of the aforesaid Section establish a public offense, appellant cannot be sentenced for it.

In discussing the first of the errors assigned, appellant contends that the question to be decided is whether the penalty imposed by the statute corresponds to the punishment for a misdemeanor or whether on the contrary it is a sanction civil in nature, such as are known under the Anglo-Saxon law as statutory penalties; that a careful examination of the provisions of § 25, as the latter was introduced in our jurisdiction in 1911, necessarily proves that the penalty imposed therein is of a civil nature; that if the Act of 1911 did not create a misdemeanor and was, therefore, of a civil character in all respects, it must perforce be decided that it remains so; and that although the aforesaid Section has been amended at different times, it does not appear in any manner whatsoever in the title of the amendatory Acts that it was the Legislature's intent to establish a misdemeanor. We do not agree. Let us examine the history of the Section with which we are concerned, since its original approval until the present time.

Act No. 30 of March 9, 1911 (Sess. Laws, p. 87) "To Establish a Law of Private Corporations" substantially provided in its § 25 that ". . . Any such corporation failing or refusing to render such full reports or to amend the same when required to do so by the Secretary of Porto Rico or the Treasurer of Porto Rico in case the same shall be in-

complete or unsatisfactory, *shall forfeit to The People of Porto Rico two hundred dollars* to be recovered with costs in an action to be prosecuted by the Attorney General at the request of the Secretary of Porto Rico." (Italics ours.) [1]

Upon the aforesaid Section being amended by Act No. 12 of March 11, 1913 (Sess. Laws, p. 56), it was provided, insofar as pertinent here, that "In the event that such corporation fails or refuses to render such full report, . . . the Secretary of Porto Rico or the Treasurer of Porto Rico, as the case may be, shall report the same to the Attorney General, who shall cause to be commenced an action against such corporation, and, *in the event of conviction, such corporation shall be subjected to the payment of a fine of $50 and costs, . . .*" (Italics ours.)

Upon the aforesaid Section being amended anew by Act No. 92 of May 13, 1936 (Sess. Laws, p. 488), after using language similar to that copied above, it was stated: *"and, in the event of conviction, such corporation shall be subjected to the payment of a fine of fifty (50) dollars and costs."* (Italics ours.)

Upon § 25, *supra*, being amended by Act No. 86 of May 12, 1943 (Sess. Laws, p. 200), the words *"and, in the event of conviction, such corporation shall be subjected to the payment of a fine of fifty (50) dollars and costs,......"* are once more used. (Italics ours.)

Finally, in Act No. 154 of May 11, 1948 (Sess. Laws, p. 358), which again amended § 25, a context similar to that of the foregoing Acts is used and it is stated *"and, in the*

---

[1] The Spanish text of that part of § 25 copied above reads as follows:

". . . cualquiera de dichas corporaciones que rehuse o deje de presentar tales informes detallados, o de modificarlos cuando sea requerida para ello por el Secretario de Puerto Rico, o por el Tesorero de Puerto Rico, en el caso de que el informe esté incompleto o no sea satisfactorio, *incurrirá en una multa de doscientos dollars, en beneficio de El Pueblo de Puerto Rico*, que será hecha efectiva con las costas, mediante una acción entablada por el Attorney General a solicitud del Secretario de Puerto Rico." (Italics ours.)

*event of conviction, such corporation shall be subjected to the payment of a fine of five hundred (500) dollars and costs."* (Italics ours.) It was precisely under § 25 of the Act as it read after the 1948 amendment that the corporation was prosecuted.[2]

It cannot be disputed that in the Spanish text of § 25 of the Act, just as it was originally approved, it is stated that any corporation failing or refusing to render such reports *"incurrirá en una multa de doscientos dollars, en beneficio de El Pueblo de Puerto Rico"* and that in the English text the words just quoted appear as "shall forfeit to The People of Porto Rico two hundred dollars," and that at first blush this might give the impression that the procedure to be followed against the corporation at that time was one of a civil, not penal, nature. However, it is likewise undisputed that in all subsequent amendatory Acts the phrase *"convicta que fuere"* ("in the event of conviction") and the word *"multa"* ("fine") are used. This undoubtedly suggests, that the action to be brought by the Attorney General of Puerto Rico against any corporation failing or refusing to comply with the Act is of a criminal nature. The word *"convicta,"* according to Guillermo Cabanella's *Diccionario de Derecho Usual,* First Edition, means *"reo al que, aun cuando no ha confesado su delito, le ha sido probado legalmente por un cúmulo de pruebas evidentes."* [2a] The Dictionary of the Spanish Language published by the *Real Academia* gives us a similar definition. In speaking of culprit and of crime, the definition of the word *convicta* can but refer to a person who has violated an act of a criminal

---

[2] Section 25 of the Law of Corporations was also amended by Act No. 216 of May 4, 1951 (Sess. Laws, p. 606), and in said amendatory Act it is once again set forth "and, in the event of conviction, such corporation shall be subjected to the payment of a fine of five hundred (500) dollars and costs." As the complaint in this case was filed December 4, 1950, that Act was not yet in force.

[2a] "A culprit who, although not having confessed his crime, has been legally proved guilty by means of evidence."

nature. On the other hand, the word *"multa"* according to the first-cited dictionary, means *"cierta pena pecuniaria, que se impone en casos de contravención de las leyes."* [2b] Francisco Seix's *Enciclopedia Jurídica Española,* defines the word *multa* in a similar way. See Vol. 23, p. 105, of that encyclopedia. The definition of the word fine makes us conclude likewise that a criminal proceeding is involved [3] and all this leads us to the conclusion that any corporation violating § 25 of the above-mentioned Act is guilty of a misdemeanor.

The question raised by the appellant in its first assignment is not new in this jurisdiction. An identical controversy was raised in *People* v. *Mayagüez Fruit Packing Co.,* 24 P.R.R. 294, and we stated therein that "as the information charges the non-performance of a duty imposed by the Law of Corporations *which is punishable by a fine upon conviction,* we are of the opinion that the offense is of a criminal character . . ." (Italics ours.)

We do not think that it was necessary to state in the title of the amendatory Acts, as appellant argues, that the legislative intent was to establish a misdemeanor. They by no means violate § 34, par. 8, of the Organic Act (48 U.S.C.A. 267, § 832). The Law of Private Corporations, as approved in 1911, clearly sets forth its purpose in its title and all the amendatory Acts above cited are congruous to the subject-matter of the original Act and comply with the constitutional requirement. See *Laboy* v. *Corporación Azucarera, etc.,* 65 P.R.R. 397, and cases therein cited.

Hence, the action in the instant case was properly filed in the Criminal Section of the District Court of Puerto Rico, San Juan Section.

---

[2b] "A certain pecuniary punishment imposed for transgressions of the law."

[3] Section 10 of the Penal Code provides that "A crime or public offense is an act committed or omitted in violation of a law forbidding or commanding it and to which is annexed, upon conviction, either of the following punishments: . . . 3.—fine . . ."

In connection with the second assignment, appellant insists that it cannot be sentenced for the commission of a public offense, inasmuch as it filed the report on January 9, 1951. As may be seen, what the corporation did was to submit 10 months late the report required by the Act. The fact that it did so does not relieve it of responsibility. What the statute provides is that in addition to the payment of a fine of $500 and costs the directors and officers thereof shall be ordered by the court to comply with the requirements of the law within the time to be specified in such order. This clearly means that if on the date judgment is rendered the corporation has not yet filed its report, the court shall order it to do so. If in the meantime the corporation filed its report, an order to that effect is then, of course, unnecessary.

The judgment appealed from will be affirmed.

